FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 JAN -8 PM 12: 10
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT LOWE,
Plaintiff

v.      CIVIL ACTION NO. JKB-14-4035

BRIAN BEAVER *et al.*,
Defendants

\*\*\*\*\*\*

## MEMORANDUM

Seeking damages, self-represented plaintiff Robert Lowe filed suit against Salisbury Police Department Officers Brian Beaver and David Underwood, as well as the Salisbury Police Department. Plaintiff alleges that on May 4, 2006, he was arrested by Maryland State Trooper Neil Elin. Elin testified at plaintiff's trial, held on April 11, 2007, that he recovered drugs and jewelry from plaintiff during plaintiff's arrest. Elin testified, among other things that he turned the jewelry over to defendants Beaver and Underwood. Plaintiff states that he discovered "through the Public Information Act" that his jewelry was never turned in with the rest of his property and does not appear on his inventory sheet. He further states there is no "chain of custody" concerning his jewelry. Plaintiff seeks actual and punitive damages. He also asks that the officers be investigated, fired, and criminally charged for their actions in his case. ECF No. 1.

Accompanying the complaint is plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) which shall be granted. Because plaintiff has been granted leave to proceed *in forma pauperis*, this court may review the claims in plaintiff's complaint before service of process and dismiss the complaint if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). Upon review of the

complaint, this court concludes that it is subject to dismissal.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure,* 488 U.S. 235, 249-50, (1989)); *Wilson v. Garcia,* 471 U.S. 261, 279-80, (1985). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann. § 5-101. Plaintiff alleges that on May 4, 2006, his property was seized. He was tried on April 11, 2007, and testimony was then offered regarding the disposition of the property. Plaintiff's complaint is dated December 24, 2014. He offers no explanation for the delay in filing suit regarding the missing property. The complaint is clearly outside the applicable statute of limitations and shall be dismissed.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under § 1915(e) or under Federal Rule of Civil Procedure 12(b)(6).

A separate order follows.

Jan 7, 2015
(Date)

James K. Bredar
United States District Judge